2014 UT App 191

# THE UTAH COURT OF APPEALS

J.P.R.,
Petitioner and Appellant,

*v.*

L.M.,
Respondent and Appellee.

Per Curiam Decision
No. 20130294-CA
Filed August 14, 2014

Fifth District Court, Cedar City Department
The Honorable G. Michael Westfall
No. 114500383

James M. Park and Christa E. Guymon, Attorneys
for Appellant

Willard R. Bishop, Attorney for Appellee

Before JUDGES JAMES Z. DAVIS, STEPHEN L. ROTH,
and MICHELE M. CHRISTIANSEN. JUDGE JAMES Z. DAVIS
concurred in result, without opinion.

PER CURIAM:

¶1 J.P.R. appeals the dismissal of his Verified Petition for Declaration of Paternity. We affirm.

¶2 J.P.R. filed a petition seeking a declaration of his paternity of a child born to L.M. The district court granted summary judgment, ruling that J.P.R. lacks standing to bring the paternity action under provisions of the Utah Uniform Parentage Act (the UUPA). *See* Utah Code Ann. § 78B-15-601 to -623 (LexisNexis 2012). The district court's reasoning is consistent with our decision in *R.P. v. K.S.W.*, 2014 UT App 38, 320 P.3d 1084, which issued while

J.P.R's appeal was pending and is dispositive of the issues raised in this appeal.

¶3　"The issue of whether a party has standing is primarily a question of law, which we review for correctness." *Id.* ¶ 4. Under the UUPA, standing to challenge a child's paternity is governed by Utah Code section 78B-15-602, which provides, in relevant part, "*Subject to . . . Sections 78B-15-607* and 78B-15-609, a proceeding to adjudicate parentage may be maintained by . . . a man whose paternity of the child is to be adjudicated." Utah Code Ann. § 78B-15-602 (emphasis added). In turn, section 78B-15-607 provides, in relevant part,

> Paternity of a child conceived or born during a marriage with a presumed father as described in Subsection 78B-15-204(1)(a), (b), or (c), may be raised *by the presumed father or mother* at any time prior to filing an action for divorce or in the pleadings at the time of the divorce of the party.

*Id.* § 78B-15-607 (emphasis added). Section 78B-15-204 states that "[a] man is presumed to be the father of a child if . . . he and the mother of the child are married to each other and the child is born during the marriage." *Id.* § 78B-15-204(1)(a). "A presumption of paternity established under [section 78B-15-204] may only be rebutted in accordance with Section 78B-15-607." *Id.* § 78B-15-204(2).

¶4　In *R.P.*, we concluded "that the UUPA has preempted the common law on the issue of who has standing to challenge a presumed father's paternity." 2014 UT App 38, ¶ 7. "The UUPA specifically identifies the parties who may maintain a proceeding to adjudicate the parentage of a child." *Id.* ¶ 13. While the general provision of section 78B-15-602 "confers standing on 'a man whose paternity of the child is to be adjudicated,' which could arguably include [J.P.R.], that general standing provision is expressly limited by section 607, entitled 'Limitation—child having presumed

father.'" *See id.* Standing to challenge a presumed father's paternity is, accordingly, "governed by section 607, not the general standing provision in section 602."[1] *Id.* It is undisputed that the child in the present case was conceived and born to L.M. during her marriage to a presumed father, that L.M. and the presumed father remain married and intend to raise the child as a child of the marriage, and that neither L.M. nor the presumed father have challenged the paternity of the child, as only they would be allowed to do under section 78B-15-607.

¶5     After an examination of the legislative history of the UUPA, including the Utah Legislature's departure from the language of section 607 in the model act on which the UUPA is based, we concluded in *R.P.*

> that section 607 reflects the Utah Legislature's intent to encourage a presumed father to stay married to the mother and to raise the child in an intact marriage. Unless the couple decides to seek a divorce, section 607 limits the persons with standing to raise the paternity of the child to the presumed father and mother. Consequently, the district court correctly ruled that the UUPA does not grant R.P. the right to challenge the child's paternity.

---

1.  We noted in *R.P.* that the general standing provision is also subject to section 78B-15-609, which refers to a "declarant father." *R.P. v. K.S.W.,* 2014 UT App 38, ¶ 13, n.6, 320 P.3d 1084. A declarant father is "a male who, along with the biological mother, claims to be the genetic father of a child, and signed a voluntary declaration of paternity to establish the man's paternity." Utah Code Ann. § 78B-15-102(8) (LexisNexis 2012). There is nothing in the record of this case to indicate that J.P.R. is a declarant father under this statutory definition.

*Id.* ¶ 26. To the extent that J.P.R. claims that he has standing under the common law to challenge the child's paternity, we addressed and rejected those arguments in *R.P. See id.* ¶ 28; *see also id.* ¶ 33 (stating that to allow a challenge to a child's paternity under common law would allow an alleged father "to pursue an action expressly foreclosed by the UUPA and contrary to the Utah Legislature's rejection of the uniform act's allowance of a challenge to a presumed father's paternity raised by 'another individual' while the marriage is intact"). Therefore, while the district court in this case also concluded that J.P.R. lacked standing to challenge paternity under the common law, it is unnecessary to consider that alternative ruling. Furthermore, any arguments that the district court should order genetic testing under Utah Code section 78B-15-608 or should determine that it is in the child's best interests to have a relationship with the alleged biological father are foreclosed by the threshold determination that J.P.R. lacks standing to challenge paternity.

¶6      J.P.R.'s claim that any analysis of the UUPA in *R.P.* supports his standing to rebut the presumed father's paternity lacks merit. The portion of the *R.P.* opinion cited in J.P.R.'s reply brief discussed the potential effect on the alleged biological father's standing caused by filing of a counterpetition challenging paternity by the mother in *R.P. See id.* ¶ 37. The mother in *R.P.* later voluntarily dismissed her counterpetition. Although the mother in *R.P.* would have standing under section 607 to challenge paternity, the alleged biological father could "no longer obtain relief under Wife's counterpetition because it had been dismissed." *Id.* ¶ 39. Therefore, the alleged biological father in *R.P.* lacked "statutory authority to raise the child's paternity" for the same reasons that J.P.R. lacks statutory authority to challenge the child's paternity here. *See id.* ¶ 44.

¶7      The district court's analysis of the relevant provisions of the UUPA is entirely consistent with our decision in *R.P.* Because the mother and the presumed father "have decided to raise the child as issue of the marriage, [J.P.R.] lacks statutory authority to raise

the child's paternity." *See id.* Accordingly, we affirm the dismissal of the verified petition.

--------